

FILED

October 6, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 9:10 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| MONICA KARIG | ) | Docket No.: 2015-02-0128 |
| Employee, | ) | |
| v. | ) | State File Number: 17164/2015 |
| ODDELLO INDUSTRIES | ) | |
| Employer, | ) | Judge Brian K. Addington |
| And | ) | |
| NATIONWIDE | ) | |
| Insurance Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING ADDITIONAL MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the Employee, Monica Karig, on July 28, 2015. The present focus of this case is the compensability of Ms. Karig's injury, sustained while doing repetitive arm movements at work. The central legal issue is whether Ms. Karig is entitled to a panel of physicians. For the reasons set forth below, the Court denies the requested panel of physicians at this time. The Court grants Oddello's request for a signed medical release.

### History of Claim

Ms. Karig is a forty-one year-old resident of Hawkins County, Tennessee. (T.R. 1 at 1.) She testified she works for Oddello Industries (Oddello) as an assembler. Ms. Karig notified her supervisor in December 2014 that she suffered arm pain as a result of her work.

On December 12, 2014, Ms. Karig sought treatment with Dr. Mark Domain for hand pain. Ms. Karig reported bilateral hand pain for a year. (Ex. 2 at 5.) Dr. Domain assessed carpal tunnel syndrome and referred Ms. Karig to Chris Castle, Nurse Practitioner (NP) at Greeneville Orthopedic Clinic. *Id.* at 7.

NP Castle evaluated Ms. Karig on December 17, 2014, and assessed, "Bilateral

1

wrist pain, suspect carpal tunnel syndrome bilaterally, cubital tunnel syndrome and de Quervain's tenosynovitis." (Ex. 3 at 5-6.) NP Castle gave Ms. Karig a Celestone and Lidocaine injection and recommended EMG/NCV studies. *Id.* at 6. Following the EMG studies, NP Castle referred Ms. Karig to Dr. John Freeman. *Id.* at 7.

Dr. Freeman reviewed the EMG results with Ms. Karig, assessed bilateral carpal tunnel syndrome, and recommended carpal tunnel release surgery. *Id.* Ms. Karig could not afford the surgery.

Ms. Karig continued to request medical benefits from Oddello. Oddello provided Ms. Karig a panel of physicians that included Dr. Freeman. (Ex. 7.) Ms. Karig chose Dr. Freeman. *Id.*

Oddello requested a signed medical release from Ms. Karig for her medical records prior to the alleged incident. (Ex. 4.) Ms. Karig objected to signing the release because Oddello had not paid for Ms. Karig's treatment to that point. (Ex. 5.) Ms. Karig also requested an additional panel of physicians due to issues with the doctors on the panel. *Id.*

On June 17, 2015, Dr. Freeman responded to a causation letter from Oddello's counsel. (Ex. 3 at 3.) Dr. Freeman did not know if Ms. Karig's carpal tunnel syndrome arose primarily from her employment or that her work aggravated or advanced any pre-existing carpal tunnel condition. *Id.* Oddello refused additional medical treatment after receiving Dr. Freeman's opinion.

Ms. Karig filed a Petition for Benefit Determination seeking additional medical and temporary disability benefits. (T.R. 1 at 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (T.R. 2.) Ms. Karig filed a Request for Expedited Hearing pursuant to Tennessee Code Annotated section 50-6-239 (2014). (T.R. 3.) This Court heard the matter on September 29, 2015.

At the Expedited Hearing, Ms. Karig asserted she suffered bi-lateral carpal tunnel as a result of repetitive movement at work and was entitled to a panel of physicians. Oddello countered that Ms. Karig did not suffer a compensable injury or aggravation and was not entitled to another panel of physicians. Oddello asserted it was entitled to a signed medical release by Ms. Karig.

**Findings of Fact and Conclusions of Law**

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor

2

employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[1] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(13) (2014). An aggravation of a pre-existing injury is not compensable unless the aggravation arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102 (13)(A) (2014).

The Supreme Court has made clear that an aggravation of a pre-existing condition that results in increased pain but no anatomical change is not a compensable injury. *See Cunningham v. Goodyear Tire & Rubber Co.,* 811 S.W.2d 888, 891 (Tenn. 1991). "If a work injury aggravates a pre-existing condition merely by increasing pain, but does not otherwise 'injure or advance the severity' of the employee's condition the claimant did not sustain an injury by accident within the meaning of the Workers' Compensation Act and is not entitled to compensation." *NPS Energy Serv., Inc. v Jernigan,* No. M2000-00229-WC-R3-CV, 2011 Tenn. Lexis 723, at *13 (Tenn. Workers' Comp. Panel Oct. 4, 2001) (quoting *Cunningham,* 811 S.W.2d at 891).

The opinion of the panel physician is given a presumption of correctness on the issue of causation, but said presumption shall be rebuttable by the preponderance of the evidence. Tenn. Code. Ann. § 50-6-102(13)(E) (2014).

Dr. Freeman is the authorized panel physician. He does not know whether Ms. Karig's carpal tunnel condition arose primarily in the course and scope of her employment. He does not know whether her job duties aggravated or advanced her carpal tunnel condition. Ms. Karig did not provide an expert medical evidence to rebut the opinion of Dr. Freeman.

---

[1] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

Oddello provided a panel of physicians after notice of the alleged injury. Ms. Karig was dissatisfied with the panel Oddello gave her prior to the issuance of the Dispute Certification Notice. Ms. Karig has not proven that she is entitled to another panel of physicians. Ms. Karig's counsel argued to Oddello's counsel that the panel given Ms. Karig was insufficient and she was entitled to another panel of physicians; however, these questions were not marked on the Dispute Certification Notice, and cannot be considered by the Court at this time because Ms. Karig had knowledge of the issues prior to the issuance of Dispute Certification Notice. *See* Tenn. Code. Annotated 50-6-239(b)(2)(A) (2014). Other than dissatisfaction with the panel, Ms. Karig failed to provide any legal authority proving she is entitled to another panel of physicians. Her request for an additional panel of physicians is denied.

Oddello requested a signed medical release form so it could obtain Ms. Karig's medical records for treatment she obtained for the alleged injury prior to signing the panel. An employer is entitled to medical records for alleged work injuries, according to Tennessee Compilation Rules and Regulations 0800-02-21-.15(1)-(5) (2015). Ms. Karig argued that, since Oddello did not pay for the treatment, it is not entitled to the medical records. However, Tennessee Compilation Rules and Regulations 0800-02-21-.15(3) (2015) indicates it does not matter whether Oddello paid for the treatment or not, as Ms. Karig asserted her medical treatment was for her alleged injury. Under these circumstances, and according to the authority granted the Court by Tennessee Compilation Rules and Regulations 0800-02-21-.15(5) (2015), Ms. Karig shall sign the medical release Oddello provided her. The release is only for medical records that are the subject of her claim for benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Karig's claim against Oddello for an additional panel of physicians is denied.

2. Ms. Karig shall execute a copy of the written medical authorization form provided by Oddello at the Expedited Hearing.

3. This matter is set for an Initial (Scheduling) Hearing on November 13, 2015, at 2:30 p.m. Eastern time.

**ENTERED this the 6th day of October, 2015.**

_____
**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

4

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call 865-594-6538 or toll-free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Additional Medical Benefits was sent to the following recipients by the following methods of service on this the 6th day of October, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email/Mail Address |
|------|----------------|------------------|---------|------------|-----------|--------------------|
| R. Veldman, Esq. | | | | | X | rveldman@alo.com |
| L. Ball, Esq. | | | | | X | laurie.ball@leitnerfirm.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6

# APPENDIX

Exhibits:
1. Medical Records--Cherokee Health Systems
2. Medical Records--Bulls Gap Medical Center
3. Medical Records--Greeneville Orthopedic Clinic
4. Medical Authorization
5. Letter from Russell Veldman, Esq. to Laurie Ball, Esq. regarding medical consent form
6. Wage Statement
7. Panel of Physicians

Technical record:[i]
1. Petition for Benefit Determination, June 15, 2015
2. Dispute Certification Notice, June 18, 2015
3. Request for Expedited Hearing, July 28, 2015
4. Employer's Response to the Request for Expedited Hearing

---

[i] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.